# Exhibit A

DORON WEINBERG (SBN 46131)
LAW OFFICES OF DORON WEINBERG
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472
Facsimile: (415) 552-2703
Email: doronweinberg@aol.com

Attorney for Defendant
IRINA MORGOVSKY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NAUM MORGOVSKY, IRINA MORGOVSKY, et. al.,<br><br>Defendants. | CASE NO. CR-16-0411 VC<br><br>**DECLARATION OF NAUM MORGOVSKY IN SUPPORT OF DEFENDANT IRINA MORGOVSKY'S MOTION FOR SEVERANCE PURSUANT TO RULE 14, Fed.R.Crim.P.** |

I, NAUM MORGOVSKY, declare and state that:

1. I am a defendant in the above-captioned action. I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

2. Count Nine of the Superseding Indictment in this matter charges me and my wife, Irina Morgovsky, with conspiracy to violate the Arms Export Control Act, 22 U.S.C. § 2778. It is alleged in the Superseding Indictment that Irina Morgovsky and I owned a number of sole proprietorships which were used to export, and cause the export from the United States of certain

Declaration of Naum Morgovsky in Support of
Defendant Irina Morgovsky's Motion for
Severance Pursuant to Rule 14
(Case No. CR-16-0411 VC)                                                1

items which were designated as defense articles, without first obtaining the required license or written authorization from the Department of State, Directorate of Trade Controls.

3. The regulations that identify those items considered "defense articles" subject to export controls, as opposed to items which may be freely exported, are highly technical and complex, as illustrated for example, in ¶ 34 of the Superseding Indictment. Distinguishing between articles that are subject to export control and those that are not requires a great deal of technical knowledge, which I have acquired only as the result of hundreds, if not thousands, of hours of study, analysis and experience since 1992.

4. Over the years my wife, Irina Morgovsky, has assisted me in my optics/night vision related business by performing limited ministerial tasks at my specific request and instruction. Her role had been limited to sending and receiving shipments, signing checks, and conducting some other banking transactions, all of which she did only at my specific request. Shipping forms that were filled out by Irina were filled out by her based on invoices that I prepared, and only when I specifically requested her to do, and I never explained to her what the items on the invoices were and what they were intended for. However, she was not involved in any of the technical aspects of the business and in any work that required any knowledge of the contents of the shipments sent or received, or merchandise and services paid for.

5. At all relevant times first and foremost Irina considered her role as being a wife and a grandmother to her two grandchildren, now aged 7 and 12, having no interest in participating in the operation of the optics/night vision related business. Irina has not considered herself to be a business woman and at all relevant times considered herself to be a homemaker. Moreover, at all relevant times Irina deemed her age to be significant enough that she would not become tangibly involved in the operation of a highly technical business which she was to a large

---

Declaration of Naum Morgovsky in Support of
Defendant Irina Morgovsky's Motion for
Severance Pursuant to Rule 14
(Case No. CR-16-0411 VC)                    2

extent unfamiliar with.

6. In or about 2003, in response to events which negatively affected my credit rating, I asked Irina to file fictitious business name statements as a sole proprietorship in her name only. Because the businesses were registered in Irina's name, in order to avoid confusion I asked her to sign some documents requiring a signature of the owner, which I prepared without her participation and without her knowledge of what the documents were. In most instances, whenever it was possible, I inserted Irina's digitized signature stored on my computer in documents bearing her signature as the owner of the optics/night vision related businesses without her knowledge or consent. Irina never used her digitized signature on her own, and never had it stored in her computer, and I never informed her that I digitized her signature, stored it in my computer or used it.

7. Irina had no interactions with either customers or vendors in any transactions of the optics/night vision related businesses. She never prepared any invoices for the shipments made by those businesses. In a few instances, when it was necessary while I was traveling, I asked her to receive and print out invoices I sent to her by email and send the pertinent shipments according to my instructions.

8. Based on her complete lack of technical knowledge, Irina was not in a position to perceive or discern whether any of the items shipped or received by the optics/night vision related businesses were designated as "defense articles" and subject to export control. Irina never filled out any forms on her own, and any forms including End-User Declarations and ITAR Compliance Acknowledgments I was asked to provide by some vendors, I completed on my own. In a few instances I asked Irina to sign as the company owner of record, although most of the forms were either signed by me with her signature or with her digitized signature which I

---

Declaration of Naum Morgovsky in Support of
Defendant Irina Morgovsky's Motion for
Severance Pursuant to Rule 14
(Case No. CR-16-0411 VC)                          3

routinely used without her knowledge or consent.

9. I do not intend to testify at a trial that includes Count Nine of the Superseding Indictment.

10. If Irina is tried separately on Count Nine, I definitely intend to testify at her trial regarding the subject matter of this declaration and, without limitation, regarding the other matters pertaining to such trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed on August 31, 2017, at San Francisco, California.

/s/ Naum Morgovsky
NAUM MORGOVSKY

Declaration of Naum Morgovsky in Support of
Defendant Irina Morgovsky's Motion for
Severance Pursuant to Rule 14
(Case No. CR-16-0411 VC)                              4