DORON WEINBERG (SBN 46131)
LAW OFFICES OF DORON WEINBERG
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472
Facsimile: (415) 552-2703
Email: doronweinberg@aol.com

Attorney for Defendant
IRINA MORGOVSKY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | **CASE NO. CR-16-0411 VC** |
|---|---|---|
| Plaintiff, | ) | **DEFENDANT IRINA MORGOVSKY'S MOTION TO SUPPRESS EVIDENCE** |
| vs. | ) | DATE: October 26, 2017 |
| IRINA MORGOVSKY, et. al., | ) | TIME: 2:00 p.m. |
| | ) | JUDGE: Hon. Vince Chhabria |
| Defendants. | ) | COURT: 4, 17th Floor |

**INTRODUCTION AND STATEMENT OF FACTS**

Co-defendant Naum Morgovsky has filed a motion to suppress evidence found in a search pursuant to warrant of storage unit 1-D, located at SafKeep, 1650 W. Winton Ave., Hayward, CA, belonging to Naum and Irina Morgovsky. Defendant Irina Morgovsky joins in co-defendant Naum Morgovsky's motion and incorporates its arguments and exhibits herein.

By the instant motion defendant Irina Morgovsky also specifically challenges the seizure of a woman's wallet found in the storage unit and the subsequent search of the wallet that resulted in the discovery of an allegedly false passport that is the basis for the charge contained in Count Six of the Indictment.

Nothing in the affidavit underlying the warrant provided any basis for the seizure of identification documents relating to any female. Nonetheless, agents seized what was plainly a

1

woman's wallet without probable cause and later searched it without judicial authorization.

## ARGUMENT

### I. THE WARRANT'S AUTHORIZATION TO SEIZE DOCUMENTS RELATED TO IRINA MORGOVSKY WAS NOT SUPPORTED BY PROBABLE CAUSE.

Under the Fourth Amendment, a search warrant must "particularly describ[e] the place to be searched, and the person or things to be seized." U.S. Const. amend. IV. The Constitution prohibits the issuance of general warrants that would lead to "exploratory rummaging in a person's belongings . . . ." *Andresen v. Maryland* (1976) 427 U.S. 463, 480 (quoting *Coolidge v. New Hampshire* (1971) 403 U.S. 443). The purpose of particularizing the items to be seized is to insure that when the warrant is executed, nothing is left to the officer's discretion. *United States v. Drebin* (9th Cir. 1977) 557 F.2d 1316, 1322, cert. denied, 436 U.S. 904., 56 L. Ed. 2d 401, 98 S. Ct. 2232, 197 U.S.P.Q. (BNA) 848 (1978); *Marron v. United States* (1927) 275 U.S. 192.

A warrant is only valid if it is based "upon probable cause, supported by Oath or affirmation..." U.S. Const. Amend. IV. When an affidavit is the only evidence presented to a judge in support of a warrant, then the validity of the warrant rests solely on the strength of the affidavit. *United States v. Peck* (7th Cir. 2003) 317 F.3d 754, 755. In that regard, the affidavit must provide the judge with a substantial basis for determining that probable cause exists. *Illinois v. Gates*, 462 U.S. 213, 228 (1983).

"[P]robable cause means a fair probability that contraband or evidence of a crime will be found in a particular place, based on the totality of circumstances." *United States v. Diaz* (9th Cir. 2007) F.3d 1074, 1078. (Internal quotation marks omitted).

The Supreme Court's dictate is that before a search warrant may issue, the magistrate judge must be satisfied that "there is a fair probability that contraband or evidence of a crime will be found in

2

a particular place." *Gates, Id.* at 238.

Whether or not an officer has facts that could establish probable cause is irrelevant if those facts are not disclosed to the magistrate judge issuing the warrant. The Ninth Circuit has repeatedly held that all data necessary to show probable cause for the issuance of a search warrant must be contained within the four corners of a written affidavit given under oath." *United States v. Luong* (9th Cir. 2006) 470 F.3d 898, 904 (quoting United *States v. Gourde* (9th Cir.2006) 440 F.3d 1065, 1067 (*en banc*)) (internal quotation marks and corrections omitted); see also *United States v. Hove* (9th Cir.1988) 848 F.2d 137, 140.

"When analyzing probable cause, the key consideration is whether the affidavit establishes that 'evidence will be found when the search is conducted'." *United States v. Grubbs* (2006) 547 U.S. 90, 95.

"The number of courts permitting magistrates to act as rubber stamps is of particular concern given this Court's long-held view that '[t]he proceeding by search warrant is a drastic one,' and that the 'abuse' of that proceeding requires that it "be liberally construed in favor of the individual." *Sgro v. U.S.* (1932) 287 U.S. 206.

### A. The Warrant For The Morgovsky Storage Unit Was Issued Without Probable Cause As To The Seizure Of The Wallet Containing The Subject Passport

A "nexus," or connection, must be shown between the items in question and criminal behavior to justify a search under the Fourth Amendment. See *Warden v. Hayden* (1967) 387 U.S. 294, 307.

The August 24, 2016 search warrant for the Morgovsky storage unit contained the following language in Attachment B:

3

"E. Items Relevant to Identity Theft Offenses:

Identification documents, as defined by 18 U.S.C. § 1028(d)(3), bearing the photograph of Naum Morgovsky and/or Irina Morgovsky.

Documents containing dates of birth, Social Security Numbers, bank account numbers, and other identifying information for individuals other than Naum Morgovsky and Irina Morgovsky.

Any item concerning or related to Gary Piper, Edward Joseph, or Joseph Fradel."

The Affidavit in support of the Search Warrant issued on August 24, 2016, contained no allegations mentioning any activity, criminal or otherwise, of Irina Morgovsky in any way related to a suspected violation of 18 U.S.C. § 1028(d)(3), identity theft, or use of false identity.

No such connection exists in this case because no connection was established, or even attempted to be established, between the seized wallet containing the subsequently seized subject passport and any criminal behavior in the 2016 Storage Affidavit. No connection was also established between the subsequently seized subject passport itself and any criminal behavior.

The seizure of the wallet was unauthorized by the 2016 Storage Warrant because it was not an identification document. Nonetheless the agents seized the wallet and later searched it without judicial authorization and seized the passport found in it.

Aside from the unauthorized seizure of the wallet, the inclusion of the name of Irina Morgovsky in the 2016 Storage Warrant in connection with "Identity Theft Offences" or "Identification documents, as defined by 18 U.S.C. § 1028(d)(3)", was purely gratuitous and totally unsupported by probable cause.

Accordingly, there can be only one reasonable conclusion, that such inclusion was intended as and constituted an unlawful "fishing expedition." As Justice Holmes observed, conduct of this sort is fundamentally anathema to the letter and spirit of the Fourth

4

Amendment. *FTC v. Am. Tobacco Co.* (1924) 264 U.S. 298. He stated:

> "Anyone who respects the spirit as well as the letter of the Fourth Amendment would be loath to believe that Congress intended to authorize one of its subordinate agencies to sweep all our traditions into the fire, and to direct fishing expeditions into private papers on the possibility that they may disclose evidence of crime.... It is contrary to the first principles of justice to allow a search through all the respondents' records, relevant or irrelevant, in the hope that something will turn up. (*Id.*) (internal citations omitted)."

Put simply, the Fourth Amendment does not authorize the issuance of warrants to conduct fishing expeditions to find evidence that could assist officers in prosecuting suspects. See *cf. Maryland v. Garrison* (1987) 480 U. S. 79, 85.

The wallet seized from the storage unit with all of the identification documents it contained, including but not limited to the passport subject to Count 6 of the Superseding Indictment must be suppressed and returned to Irina Morgovsky.

### B. Seizure Of The Subject Passport Is Tainted By Seizure Of The Wallet And Unauthorized By The Search Warrant

The 2016 Storage Warrant herein did not authorize seizure of the wallet. The government seized the wallet containing the passport and later seized the passport after the wallet was seized.

*United States v. Robbins* (8th Cir. 1994) 21 F.3d 297, is directly applicable to the present case. In *Robbins*, the police obtained a search warrant to seize certain documents from the defendant's business. While executing the search warrant, the police seized the defendant's wallet and later seized the incriminating documents when they were discovered in the wallet. The court held that this was an unlawful search. The court concluded that the search warrant permitted a search of the wallet's contents during the initial search, but not its seizure, since the wallet itself was not listed as an item in the warrant, which could be seized.

In *Robbins*, the court stated in pertinent parts:

5

"In essence, the government's argument is that because the warrant authorized officers to search inside the wallet, it also authorized them to seize the wallet. This argument is a fundamental misapprehension of Fourth Amendment law. The record shows that the government did not discover the notes until it searched the wallet in the middle of Robbins' trial, months after it seized the wallet from his business. See V Tr. at 115.*fn1. The threshold issue is whether officers were entitled to seize the wallet in the first place. The general rule, of course, is that police may only seize items described in the search warrant, absent an exception to the warrant requirement.*fn2 See United States v. Jenkins, 901 F.2d 1075, 1081 (11th Cir.), cert. denied, 498 U.S. 901, 112 L. Ed. 2d 216, 111 S. Ct. 259 (1990). Simply put, we believe that officers did not have authority to seize the wallet because the wallet itself was not an item described in the search warrant.

That items described in the warrant were ultimately found in the wallet*fn3 does not justify the initial seizure. A search warrant does not give police license to seize personal property not described in the warrant on the ground that such property might contain items that the warrant does describe…

Here, it is clear that the police either did not search the wallet on the premises of Robbins' business or, if they did search it at the time, found that it contained nothing of significance. See supra note 1. Under either scenario, the seizure was improper because police seized an item not described in the warrant--the wallet --either believing that it contained no items that the warrant described or not knowing whether it contained such items. Cf. United States v. Tamura (9th Cir. 1982) 694 F.2d 591, 595 n.2, (explaining that Beusch "held . . . that material not described in a search warrant may lawfully be seized when it is contained in the same physical volume, book, or file with other documents known to be covered by the warrant ") (emphasis added). In short, the warrant here authorized police to search Robbins' wallet for certain types of documents; it did not authorize police to seize the wallet without first determining that it contained such documents. Outside of the "search incident to arrest" argument we have already rejected, the government does not claim that an exception to the warrant requirement justified either its seizure or subsequent search of the wallet. Thus, we hold that the district court correctly found that officers' seizure of Robbins' wallet violated the Fourth Amendment and that the notes from the wallet were thus inadmissible as substantive evidence of Robbins' guilt." (Footnotes omitted).

Defendant Irina Morgovsky respectfully requests that the present motion be considered in conjunction with the motion to suppress and for return of property filed by Naum Morgovsky that are joined by Irina Morgovsky, and that evidence obtained by the seizure of the wallet and the

6

search of its contents be suppressed.

Dated: September 18, 2017

Respectfully submitted,

LAW OFFICES OF DORON WEINBERG

/s/ Doron Weinberg
DORON WEINBERG
Attorney for Defendant
IRINA MORGOVSKY