1  ALEX G. TSE (CABN 152348)
   Acting United States Attorney
2

3  BARBARA J. VALLIERE (DCBN 439353)
   Chief, Criminal Division
4

5  JOHN HEMANN (CABN 165823)
   COLIN SAMPSON (CABN 249784)
6  ERIN CORNELL (CABN 227135)
   Assistant United States Attorneys
7
        450 Golden Gate Avenue, Box 36055
8       San Francisco, California 94102-3495
        Telephone: (415) 436-7124
9       Facsimile: (415) 436-6748
        Email: Colin.Sampson@usdoj.gov
10

11 JASON B.A. McCULLOUGH (NYBN 4544953)
   Trial Attorney, National Security Division
12      600 E Street, NW
        BICN Building, Suite 10606
13      Washington, D.C. 20530
        Telephone: (202) 233-0986
14      Email: Jason.McCullough@usdoj.gov

15 Attorneys for United States of America

16                 UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18                   SAN FRANCISCO DIVISION

19 UNITED STATES OF AMERICA,           )  CR 16-00411 VC
                                       )
20          Plaintiff,                 )
                                       )  UNITED STATES' SECOND SET OF MOTIONS
21      v.                             )  IN LIMINE
                                       )
22 NAUM MORGOVSKY and                  )  Pretrial:    May 30, 2018
   IRINA MORGOVSKY,                    )  Trial:       June 13, 2018
23                                     )  Court:       Honorable Vince Chhabria
                                       )
24          Defendants.                )
   _____)
25

26

27

28

United States' Motions In Limine
CR-16-00411-VC

# **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................................1

II.   MOTION IN LIMINE NO. 10: THE COURT SHOULD ADMIT INTO EVIDENCE
      VARIOUS SELF- AUTHENTICATING RECORDS AND DOCUMENTS................................1

III.  MOTION IN LIMINE NO. 11:  THE COURT SHOULD ADMIT NAUM
      MORGOVSKY'S DECLARATION.........................................................................................2

IV.   MOTION IN LIMINE NO. 12: THE COURT SHOULD ALLOW THE
      GOVERNMENT TO SHOW CERTAIN EXHIBITS DURING OPENING
      ARGUMENT...........................................................................................................................3

V.    CONCLUSION.......................................................................................................................4

# TABLE OF AUTHORITIES

Cases

*Simmons v. United States*,
    390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).......................................................... 2
*United States v. Gay*,
    567 F.2d 916 (9th Cir. 1978) ......................................................................................................... 2
*United States v. Little*,
    753 F.2d 1420 (9th Cir. 1984) ...................................................................................................... 2
*United States v. Valdovinos-Valdovinos*,
    743 F.2d 1436 (9th Cir. 1984) ...................................................................................................... 2

## I.     INTRODUCTION

The United States (the "government") respectfully submits the following additional motions *in limine* for the Court's consideration.  On April 16, 2018, the United States filed its first set of nine Motions *in Limine*.  The Court later continued the pretrial hearing and trial dates.  In addition, because the defendants have not yet provided any reciprocal discovery, as required under Fed. R. Crim. P. 16(b), the government requests the opportunity to supplement these motions *in limine* to address any issues triggered by the defense.

## II.     MOTION IN LIMINE NO. 10: The Court Should Admit into Evidence Various Self- Authenticating Records and Documents.

The Joint Pretrial Statement indicates that the defendants did not oppose the 12 stipulations that had been shared with the defense since February 2018.  These stipulations, which cover the custody, authenticity and hearsay issues with regard to approximately 400 exhibits, would significantly shorten the length of trial and the number of witnesses and custodians to be called.  After the Joint Statement was filed, however, and after the undersigned requested that the defendants' attorneys execute the stipulations, defendants changed their minds and proposed significant changes to those stipulations.  Even though the government then acquiesced and significantly altered the stipulations, the defense has yet to execute any.  As a result, the government now moves *in limine* for an order admitting certain exhibits as business records.

The United States seeks to introduce into evidence business records of several businesses under Federal Rule of Evidence 902(11). The United States has recently filed a Rule 902(11) Notice regarding these records. The records, with the appropriate records custodian declarations, have been produced in discovery in during 2017.

As set forth in the United States' Rule 902(11) Notice, these business records are admissible under the self-authentication provisions of Rule 902(11). The United States has discussed the admissibility of these certified business records under Rule 901(11) with defense since approximately February 28, 2018, and therefore provided appropriate notice to the defendants pursuant to that rule. The Court should allow admission of these documents under Rule 902(11).

In addition, the United States intends to introduce certain certified birth and death records related

1    to identities stolen by the Morgovskys, including Gary Piper and Victoria Ferrara, as well as certified

2    copies of California Employment Development Department data records regarding the defendants and

3    their businesses, and a certified copy of the 2008 conviction of Naum Morgovsky in this Court for

4    identity theft.  These documents are admissible under the self-authentication provisions of Rule 902(4),

5    which pertains to certified copies of public records. The Court should allow admission of these

6    documents under Rule 902(4).

7    ### III.    MOTION IN LIMINE NO. 11:  The Court Should Admit Naum Morgovsky's Declaration

8

9        The declaration signed by defendant Naum Morgovsky (ECF No. 103-2) in support of Irina

10   Morgovsky's motion to sever is admissible at trial.  As an initial matter, the declaration is admissible by

11   the government and against Naum Morgovsky as an admission of a party opponent.  *See United States v.*

12   *Reyes*, 2007 U.S. Dist. LEXIS 95452 (N.D. Cal. Dec. 19, 2007) (Breyer) (rejecting a challenge to

13   admission of voluntary statements made to support a codefendant's motion for severance, holding that

14   "Reyes had no constitutional interest in a severed trial; that interest belonged solely to [co-defendant]

15   Jensen.");[1] *United States v. Luis Gonzalez*, 3:06-cr-710-WHA, ECF No. 65 (N. D. Cal. July 24, 2007).

16   Moreover, Irina Morgovsky has asserted that she seeks her husband's favorable testimony, which he

17   declines to provide in a joint trial. *But see, United States v. Little*, 753 F.2d 1420, 1446 (9th Cir. 1984)

18   (upholding the denial of severance because the co-defendants' testimony was "conditional" and would

19   only be offered when their own proceedings were complete); *United States v. Gay*, 567 F.2d 916, 918

20   (9th Cir. 1978) (upholding the denial of severance based on co-defendant testimony "because it was

21   contingent upon Alvarez not being required to testify to anything which might have tended to

22   incriminate him").  Although the government disputes Naum Morgovsky's exculpatory statements

23   regarding his wife as untrue (and lacking for evidentiary reasons, as he cannot testify as to his wife's

24   state of mind), admission of this declaration obviates the need to sever the trial, as the government has

25

26       [1] *See Simmons v. United States*, 390 U.S. 377, 394, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) (the
     tension between choosing to remain silent and providing evidence to protect another constitutional right,
27   may render such testimony "compelled" such that it may not be used by the government at a later stage
     of the proceeding); *see also United States v. Valdovinos-Valdovinos,* 743 F.2d 1436, 1437 (9th Cir.
28   1984).  Here, however, Mr. Morgovsky's declaration was not used to vindicate his rights, rather, it was
     voluntarily given to aid his co-defendant's motion.

1    previously argued.

2           As an admission of party-opponent Naum Morgovsky, and as testimony sought by Irina

3    Morgovsky in support of her severance motion, the Court should admit the declaration of Naum

4    Morgovsky.

5    **IV.    MOTION IN LIMINE NO. 12: The Court Should Allow the Government to Show Certain Exhibits During Opening Argument.**

6           The United States seeks the Court's permission to exhibit a small number of documents and

7    items during its opening arguments.  In previewing for the jury the evidence that they will be asked to

8    observe over the course of the three-week trial, providing the jury with a preview of some of the

9    categories of evidence they will likely see will aid the jury in framing and understanding the issues.  As

10   the case deals with the purchase of night-vision devices, pictures of image intensifier tubes ("IITs"), or

11   the tubes themselves, identified as Exhibits 1-6, and pictures of other night-vision components taken

12   during searches in this case will aid in the explanation of the scheme.  The government also intends to

13   introduce brochures related to assembled night-vision scopes purportedly created by one of the

14   Morgovskys' companys, AIT-USA (Exhibit 643), as well as the Russian Infratech brochures mirroring

15   what the government alleges are the same products (Exhibit 95).  Additionally, documents exchanged

16   between Naum Morgovsky and Anton Sofine, an Infratech employee, such as a conversion document

17   referencing serial numbers of IITs purchased by Naum Morgovsy listing their Infratech item numbers

18   (Exhibit 33), will aid the government in describing the operation of the conspiracy. Invoices between

19   VisionTech Company, an entity operated by Irina Morgovsky, and Russian companies (Exhibit 35) will

20   assist the jury in understanding the government's allegations regarding shipment of the controlled IITs

21   and lenses to Russia.  These shipments often correspond with procurement lists provided by email from

22   Vadim Pavlov, an Infratech employee in Moscow, Russia, to Naum Morgovsky (Exhibit 45 and its

23   translation, 45T).  Finally, banking documents, such as exemplars of checks written by the Morgovskys

24   (often Irina Morgovsky) to purchase large amounts of controlled night vision components, and the

25   subsequent receipt into the Morgovskys' business accounts of six-figure international wires, will aid the

26   jury in understanding how the conspiracy was finances and how Naum Morgovsky laundered funds to

27   promote the unlawful activity.

28

1    These exhibits are not controversial and will likely be admitted into evidence.  The night-vision

2    scopes were seized from the Morgovskys' residence, and the invoices and documents exchanged

3    between the Morgovskys' companies (to the extent they are not considered business records) and

4    Russian companies were seized from the Morgovskys' residence, the "Edward Joseph" storage locker,

5    and Naum Morgovsky's various email accounts.  The AIT brochure was sent by Naum Morgovsky to an

6    individual at International Defense and Security Solutions, Josephus Van Seeters, who will testify at

7    trial.  The Infratech brochures were seized from one of the email accounts accessed by Naum

8    Morgovsky.  Finally, the bank statements and cancelled checks are from certified Bank of America

9    records (Exhibits 722 and 723), which have already been certified by a custodian and are pending

10   admission by stipulation.

11       Effective presentation of the evidence, and the complex way in which Defendants funded,

12   executed, and concealed their decades-long scheme support the government's use of a limited amount of

13   trial evidence to assist the jury in understanding the types of evidence they will be asked to weigh and

14   the government's theory of its prosecution.  The jury, when properly instructed, will understand that the

15   attorneys' arguments are not evidence and to disregard any evidence that was not admitted at trial.

16       **V.     CONCLUSION**

17       For all of the foregoing reasons, the Court should issue rulings prior to trial on the motions filed

18   on April 16, 2018 (ECF No. 206) and the additional motions set forth above or at trial if and when the

19   issues identified arise.  The government also reserves the right to supplement these motions *in limine* if

20   later presented with additional issues requiring the Court's intervention.

21   DATED:  May 16, 2018.                              Respectfully submitted,

22                                                      ALEX G. TSE
                                                        Acting United States Attorney
23

24                                                      */s/ Colin Sampson*
25                                                      COLIN SAMPSON
                                                        ERIN CORNELL
26                                                      Assistant United States Attorneys
                                                        JASON B.A. McCULLOUGH
27                                                      Trial Attorney, National Security Division

28