UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>   v.<br><br>NAUM MORGOVSKY AND IRINA MORGOVSKY,<br><br>        Defendants. | Case No. 16-cr-00411-VC<br><br>**ORDER RE PRE-TRIAL MOTIONS**<br><br>Re: Dkt. Nos. 201-04, 206, 208-12, 231, 251 |

**Government's Motions in Limine (Dkt. Nos. 206, 231)**

Motion in Limine One: For the reasons stated on the record, the motion is granted.

Motion in Limine Two: The motion is granted with regards to statements made by Irina Morgovsky and Naum Morgovsky. Although statements from other coconspirators are likely to be admissible, the court defers ruling on this issue until the statements at issue are sought to be admitted.

Motion in Limine Three: For the reasons stated on the record, the motion is granted on the condition that the government will not be allowed to admit selective portions of records that are misleading.

Motion in Limine Four: The Court defers ruling on whether specific communications between the defendants are privileged because of the marital communications privilege, although it is likely that these communications are not privileged because of the exception for "communications having to do with present or future crimes in which both spouses are participants." *United States v. Marashi*, 913 F.2d 724, 730-31 (9th Cir. 1990); *see also United*

*States v. Montgomery*, 384 F.3d 1050, 1060 (9th Cir. 2004).

<u>Motion in Limine Five:</u> This motion is addressed below as part of the discussion of motions addressing evidence of other acts.

<u>Motion in Limine Six:</u> For the reasons stated on the record, the motion is granted. Employees from Janos Tech and Harris Corporation can testify about the meaning and usage of technical and ambiguous language. But the government will not be allowed to elicit testimony from lay opinion witnesses about either Irina or Naum Morgovsky's intent or motives.

<u>Motion in Limine Seven:</u> For the reasons stated on the record, the motion is granted.

<u>Motion in Limine Eight:</u> For the reasons stated on the record, the Court defers ruling on whether the defendants can inquire about Harris Corporation's past compliance with the Arms Export Control Act. The government was also ordered at the pretrial conference to provide documents related to the deferred prosecution agreement and plea agreement.

<u>Motion in Limine Nine:</u> For the reasons stated on the record, the motion is granted.

<u>Motion in Limine Ten:</u> Denied as moot.

<u>Motion in Limine Eleven:</u> For the reasons stated on the record, the motion is denied.

<u>Motion in Limine Twelve:</u> For the reasons stated on the record, the motion is granted.

**<u>Motions in Limine Regarding Other Acts Evidence (Dkt. Nos. 203, 206 at 12-16, 208, 211, 212, 251)</u>**

The government seeks to admit evidence described in its January notice as categories one through six, ten, eleven, and thirteen. Dkt. Nos. 174, 206 at 12-16, 244. The defendants seek to exclude much of this evidence in various motions. *See* Dkt. Nos. 203, 208, 211, 212, 251. As discussed in greater detail on the record, this evidence is admissible. Much of the evidence is intrinsically intertwined with the conspiracy charged in the indictment. *See United States v. Rizk*, 660 F.3d 1125, 1131-32 (9th Cir. 2011) ("The rule is well established that the government in a conspiracy case may submit proof on the full scope of the conspiracy; it is not limited in its proof to the overt acts alleged in the indictment"); *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004). Even if some of the evidence is not intrinsically intertwined with the

alleged conspiracy, that evidence is admissible under Rule 404(b) because it is probative of intent, knowledge, and absence of mistake for reasons independent from its value as propensity evidence. And any undue prejudice does not substantially outweigh its probative value. Although the evidence is largely admissible, this ruling is subject to the following conditions:

- Regarding the evidence described in category five, although evidence of Naum Morgovsky's use of the J.F. identity is admissible, the government cannot make reference to the fact of the 2008 conviction related to this conduct.

- Regarding the evidence described in category eleven, although evidence of Irina Morgovsky's use of the V.F. identity is admissible, the government cannot make reference to the fact that Irina Morgovsky has been charged with misuse of a passport in Count Six.

**Naum Morgovsky's Motions to Compel (Dkt. Nos. 209, 210)**

For the reasons stated on the record, both motions to compel are denied.

**Irina Morgovsky's Motion to Sever (Dkt. No. 204)**

For the reasons stated on the record, the motion is denied at this time. *See, e.g.*, *United States v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992); *United States v. Mariscal*, 939 F.2d 884, 886 (9th Cir. 1991); *cf. United States v. Seifert*, 648 F.2d 557, 564 (9th Cir. 1980) (noting that had co-defendant testified at separate trial, the "[u]nrebutted testimony remaining would not of itself show Seifert to be more than an employee of Videoflex"). The motion can be renewed at the close of the government's case.

**IT IS SO ORDERED.**

Dated: June 11, 2018

VINCE CHHABRIA
United States District Judge