Richard B. Mazer SBN: 49632
Law Office of Richard B. Mazer
99 Divisadero St.
San Francisco, CA 94117
Tel: 415 621 4100
Fax: 415 621 4111

richardbmazer@gmail.com

Counsel for Defendant
Irina Morgovsky

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:16-CR-00411-VC |
| Plaintiff, | DEFENDANT IRINA MORGOVSKY'S MOTION TO EXCLUDE THE TESTIMONY OF GOVERNMENT WITNESS ROCKY GREEN AND ALL EXHIBITS RELATED TO HIS TESTIMONY, DECLARATION OF COUNSEL AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAID MOTION |
| v. | |
| IRINA MORGOVSKY, | |
| Defendant. | |
| | DATE: June 13, 2018 |
| | TIME: |
| | PLACE: COURTROOM 4-17TH FL |
| | JUDGE HON. VINCE CHHABRIA |

## I. INTRODUCTION

Defendant Irina Morgovsky, pursuant to Federal Rules of Evidence 401, 402 and 403 respectfully moves the Court to exclude Rocky Green's testimony, and all exhibits related to his testimony, on the grounds it is irrelevant, and any possible relevance it has is substantially outweighed by the danger of unfair prejudice, confusing the jury, misleading the jury and wasting time.

## II. DECLARATION AND FACTUAL BACKGROUND

In support of this motion, Richard B. Mazer declares that:

1. I am counsel of record for Defendant Irina Morgovsky and make this declaration based upon

1

1  discovery provided in this case.

2      2. The Government announced yesterday it intends to call Rocky Green as a witness on
3  Wednesday, June 13, 2018.

4      3. Rocky Green is a representative for Trans Western Sales in Las Vegas, Nevada, that markets
5  and sells night vision equipment in the western United States.

6      4. Rocky Green received a purchase request for expert restricted night vision equipment from
7  Defendant Irina Morgovsky dated December 14, 2011. Mr. Green's company expected to receive the
8  equipment on February 13, 2012. Mr. Green's company customers are normally law enforcement
9  agencies or companies with which he had conducted business over several years.

10      5. Mr. Green had never heard of Hitek International and was suspicious that Hitek may be
11  interested in shipping the night vision equipment overseas or providing the shipment to foreign persons
12  in the United States, in violation of the export restrictions and the End User Declaration and Complete
13  Chain of Custody for Purchase of Night Vision Equipment form that the customer signed. (US8-000002
14  and 3.)

15      6. F.B.I. Special Agent Tamara L. Neiman decided: No assessment, upload to Zero File. (US8-
16  000003.)

17      7. Mr. Green's report generated a report which is attached hereto as Exhibit "A." The report at
18  page 2 indicates "ACS checks indicate that Irina Morgovsky, dba Hitek, was a main subject of a closed
19  case 29B-SF-134929. Ms. Morgovsky was referenced in a Richmond Division Counter-intelligence
20  control file concerning Hitek, dated July 27, 2010.

21      8. The agents who interviewed Mr. Green notes indicate words to the effect that Mr. Green was
22  suspicious because the request came from a woman with a foreign sounding name.

23      Mr. Green's complaint ended with no action taken against Ms. Morgovsky but in the process
24  revealed Ms. Morgovsky was the subject of a closed case and she was referenced in a Richmond
25  Division Counter-intelligence control file dated July 27, 2010. In none of these cases was Ms.
26  Morgovsky found to have violated any laws or regulations.

27
28

## III. THE LEGAL STANDARD AND ARGUMENT

The trial court may exclude relevant evidence if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issue, misleading the jury, wasting time or needlessly presenting cumulative evidence." (F.R.E. 403.) Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a), (b). But, even relevant evidence should be excluded "if its probative value is substantially outweighed by a danger of ... unfair prejudice ... [or] misleading the jury." Fed. R. Evid. 403.

> "A trial court's determination that the prejudicial effect of particular evidence did not substantially outweigh its probative value under Federal Rule of Evidence 403 is reviewed for an abuse of discretion. United States v. Plancarte–Alvarez, 366 F.3d 1058, 1062 (9th Cir.2004). As to a criminal defendant, "unfair prejudice" refers to "the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." Old Chief v. United States, 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). In other words, unfairly prejudicial evidence is that having "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Id. (citation and internal quotation marks omitted).
> The probative value of evidence against a defendant is low where the evidence does not go to an element of the charge. See United States v. Ellis, 147 F.3d 1131, 1135 (9th Cir.1998); United States v. Arambula–Ruiz, 987 F.2d 599, 604–05 (9th Cir.1993)."

*United States v. Gonzalez-Flores,* 418 F.3d 1093, 1098 (9th Cir. 2005)

"Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury. *United States v. Hitt,* 981 F.2d 422, 424 (9th Cir.1992)." *United States v. Gonzalez-Flores,* 418 F.3d 1093, 1098 (9th Cir. 2005).

Here, the admission of Rocky Green's testimony and related exhibits brings with it a high likelihood of prejudicing Ms. Morgovsky by informing the jury that she was the subject of another investigation and leading them to speculate on the details of that matter and confuse those facts with those relevant to the pending charges. Moreover, it would inform the jury that Ms. Morgovsky was referenced in a Richmond Division Counter-intelligence control file dated July 27, 2010 which is not

probative of the charges against her. All of this resulted in nothing and carries no probative value here.

## IV. CONCLUSION

For the foregoing reasons, Defendant Irina Morgovsky requests the court exclude the testimony of Rocky Green and all Exhibits related to his testimony. The evidence is irrelevant because nothing happened. It is unfairly prejudicial, confusing and misleading to the jury. In addition, it is a waste of time and therefore should be excluded.

Dated: June 12, 2018                                    Respectfully submitted,


                                                         RICHARD B. MAZER
                                                        Counsel for Defendant
                                                        Irina Morgovsky

# EXHIBIT A

Case ID: SF 196D-0  Uploaded: ☐  Serial:

Responsible Supervisor:
NEIMAN, TAMARA L. (SF) (FBI)

REVIEWS

| Period Start Date: | Days: | Supervisor Decision: | |
|---|---|---|---|
| Period End Date: | | | |

☐ Add Comments

Case ID: SF 196D-0  Uploaded: ☐  Serial:

ATTACHMENTS

| Upload to ACS | Description | Attachment | | |
|---|---|---|---|---|
| ☐ | | File Attachment | Case ID: | Serial Num: |

UNCLASSIFIED

mhtml:file://C:\Users\NSREZAI-ZADEH\AppData\Local\Temp\2\SF+196-0--5198.MHT    3/27/2018

Method Explanation:
ACS checks indicate that Irina Morgovsky, dba Hitek, was a main subject of closed case 29B-SF-134929. Morgovsky was referenced in a Richmond Division Counterintelligence control file concerning Hitek, dated 07/27/2010.

## FINDINGS

Recommended Classification:    Recommended Alpha:

☐ Disseminate to FIG

☐ Disseminate to Others

Recommended Action:

Date:

Assessment Findings:
Referred to SA Julia Jolie for Guardian.

Federal Violation:

AUTHORIZED PURPOSE(S) AND OBJECTIVE(S)

## SUPERVISOR REVIEW

Responsible Supervisor:
SIVOK, SUSAN K. (SF) (FBI)

REVIEWS

| Period Start Date: | Days: | Supervisor Decision: |
|---|---|---|
| Period End Date: | | Reassign to Supervisor |

☐ Add Comments

| Case ID: | Uploaded: | Serial: |
|---|---|---|
| SF 196D-0 | ☐ | |

Responsible Supervisor:
NEIMAN, TAMARA L. (SF) (FBI)

REVIEWS

| Period Start Date: | Days: | Supervisor Decision: |
|---|---|---|
| Period End Date: | | No Assessment, Upload to 0 or Case File |

☐ Add Comments

| Office (Show Legats? ☐): | Classification: | Alpha: | File #: | Sub File #: | Case ID: | Uploaded: | Serial: |
|---|---|---|---|---|---|---|---|
| San Francisco | 196 | D | 0 | | SF 196D-0 | ☐ | |

Please Enter the Case File Number according to the format #-FO-##### or ## ##-0-ASSESS-#, Ex. 1-CE-12345, 123A-SU-C123456, PX-415-0-ASSESS-1

| Case ID: | Uploaded: | Serial: |
|---|---|---|

Author:

mhtml:file://C:\Users\NSREZAI-ZADEH\AppData\Local\Temp\2\SF+196-0--5198.MHT    3/27/2018