ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

ERIN A. CORNELL (CABN 227135)
COLIN SAMPSON (CABN 249784)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7020
    FAX: (415) 436-7009
    Colin.Sampson@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 16-411 VC |
| Plaintiff, | UNITED STATES' MOTION TO MODIFY BOND CONDITIONS |
| v. | Date: June 20, 2018<br>Time: 9:30 a.m.<br>Location: Hon. Sallie Kim |
| NAUM MORGOVSKY and IRINA MORGOVSKY, | |
| Defendants. | |

### I.     NOTICE OF MOTION

PLEASE TAKE NOTICE that on Wednesday, June 20, 2017, at 9:30 a.m., or as soon thereafter as counsel may be heard, before the Hon. Sallie Kim, the United States will move for an order pursuant to 18 U.S.C. § 3142(c)(B)(xiv) modifying defendants Naum Morgovsky's and Irina Morgovsky's bond conditions to include GPS monitoring.

///

## II. MOTION

The United States respectfully moves the Court for an order modifying defendants Naum Morgovsky's and Irina Morgovsky's bond conditions to include GPS monitoring.

Defendants were charged on April 27, 2018, by superseding indictment with conspiring to export night-vision items in violation of the International Traffic in Arms Regulations Defendants ("ITAR") (Count 9).  Naum Morgovsky was further charged with conspiracy to commit bank fraud and substantive bank fraud offenses (Counts 1-3) as well as aggravated identity theft (Count 4), which carries a mandatory two-year consecutive sentence, and two counts of money laundering relating to the ITAR conspiracy (Counts 10-11).  *See* Doc. No. 67.  Naum and Irina Morgovsky were arraigned on May 2, 2017 on the First Superseding Indictment.  Each defendant's bonds were secured in the amount of $1,000,000, for a total of $2,000,000, by the Hillsborough residence of Marc Vayn (also known as Marc Morgovsky), son of Irina Morgovsky, and Lana Vayn.  On information and belief, the property currently securing the Morgovskys' bond has recently been marketed for sale with an asking price of $4,990,000.

To date, defendant Naum Morgovsky has been electronically monitored without incident.  On June 12, 2018, during jury selection, defendants pleaded guilty to the charges set for trial, which were willfully conspiring to violate ITAR (at to both defendants) and two counts of money laundering ( as to Naum Morgovsky).  The United States did not seek remand at that time, but requested GPS monitoring of defendant Naum Morgovsky, which the District Court indicated should be heard by the Magistrate Judge.

## III. MEMORANDUM OF POINTS AND AUTHORITIES

Naum Morgovsky and Irina Morgovsky should be monitored using GPS monitoring between now and the surrender for any sentence that  may be imposed.  Pursuant to 18 U.S.C. § 3143, the Court must find by clear and convincing evidence that defendants awaiting sentencing are not likely to flee and do not pose a danger to any person or to the community.  Here, there is a strong basis for GPS monitoring of defendants.[1]  Had the matter proceeded to trial, the government's case-in-chief included

---

[1] On June 20, 2018, the parties appeared before Magistrate Judge Kim for a bond hearing related to transferring the Morgovskys' bond to a property owned by a company 90% owned by Vayn, which houses Vayn's night-vision business, ATN.  Counsel for the United States expressed its reservations with regard to the transfer of the bond, and the Court indicated that it would not decide the issue until U.S. Pretrial Services had reviewed the issue.  The United States does not provide those arguments here,

proof that the defendants have used stolen identities of deceased persons to obtain U.S. passports to travel to Russia in furtherance of the ITAR conspiracy. Additionally, Naum Morgovsky has posed as at least one additional deceased person (G.P.), two associates living in Russia (both with initials S.S.), and at least two additional individuals (A.P. and E.J.), one of which he used to pose as a lawyer and one which he used to rent a storage locker where significant evidence of the ITAR conspiracy was seized. *See* Attachments A-I (redacted). The defendants have also used several bank accounts in the names of numerous fictitious businesses (and in the name of the deceased G.P.) to receive nearly $10,000,000 in proceeds from international sources in connection with their crimes in the past eleven years. A substantial amount of these proceeds were withdrawn in large cash amounts (many close to but under $10,000) by Irina Morgovsky. Finally, the defendants rented several storage lockers and mail box rentals in the Bay Area where they received packages and stored items related to the crimes alleged in the First Superseding Indictment. Naum Morgovsky is awaiting trial on the remaining charges (Counts One through Four), which has not been set for trial at this time.

      GPS monitoring of both defendants is appropriate. Under more precise, but not significantly more intrusive, location monitoring, defendants will be less likely to seek to flee or to violate any conditions of their release. Given their history of travel under stolen identities and their receipt of income from international sources, this level of monitoring constitutes the least intrusive means of ensuring defendants appearance at sentencing and reporting for any sentence imposed. This monitoring will not prevent them from meeting with their attorneys or handling their affairs before they surrender to serve any sentence imposed, which are potentially significant.[2]

///

///

---

but reserves its right to respond to defendants' motion at the appropriate time.

[2] The relevant U.S. Sentencing Guideline for Count Nine is § 2M5.2(a)(1), at level 26. Irina Morgovsky's plea agreement calculates a combined offense level of 21, the low-end of which is 37 months of incarceration. With a money laundering enhancement applicable to his open plea to Counts 9-11, Naum Morgovsky faces a low-end guidelines sentence of 57 months of incarceration.

### IV. CONCLUSION

WHEREFORE, the United States requests the Court enter an order modifying the conditions of defendants' pretrial release to include that both Naum Morgovsky and Irina Morgovsky be subject to GPS monitoring.

    Respectfully submitted,

    ALEX G. TSE
    Acting United States Attorney

    */s/ Colin Sampson*
    ERIN A. CORNELL
    COLIN SAMPSON
    Assistant United States Attorneys