UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. IRINA MORGOVSKY, Defendant. | Case No. 16-cr-00411-VC-3<br><br>**ORDER DENYING MOTION FOR BAIL PENDING APPEAL**<br><br>Re: Dkt. No. 435 |
|---|---|

Irina Morgovsky's motion for bail pending appeal is denied, because her attack on the regulation under which she was convicted does not present a substantial question. This is so for several reasons:

1. As discussed in the order denying her husband's motion for bail pending appeal, Mrs. Morgovsky did not challenge the conspiracy regulation under which she was convicted in the district court. Therefore, her claim will be reviewed on appeal for plain error, if at all.

2. In addition to not raising the issue, Mrs. Morgovsky entered a plea agreement by which she waived her right to appeal her conviction and sentence except to argue ineffective assistance of counsel. This precludes the due process challenge to her conviction on appeal. Nothing in *Class v. United States*, 138 S. Ct. 798 (2018), calls into question Mrs. Morgovsky's ability to enter a plea agreement waiving the right to appeal her conviction in this context. In *Class*, the Supreme Court concluded that the defendant's plea agreement did not include a waiver of the right to challenge the constitutionality of the statute on appeal, and then held that a guilty plea alone (or a plea agreement without an appeal waiver on the relevant issue), does not bar a defendant from challenging the constitutionality of the statute under which he was convicted. *See*

*id.* at 803.[1]

3. As discussed in the order denying her husband's motion, the reasoning in *Gurrola-Garcia* (and cases from other circuits) effectively forecloses Mrs. Morgovsky's arguments that the regulation is not authorized by statute and that, if it is authorized, the statute violates the nondelegation doctrine.

4. With respect to Mrs. Morgovsky's ineffective assistance claim, as discussed in the order denying her husband's motion, the strong likelihood is that the Ninth Circuit will decline to consider this argument on direct appeal and in any event, it would be difficult to conclude that counsel's decision not to challenge the indictment constituted deficient performance. Moreover, even if the Ninth Circuit considered this claim on direct appeal, and even if counsel's performance were deficient, Mrs. Morgovsky suffered no prejudice. If her attorney had made the claim in the district court and won, the government would then have charged her under the general conspiracy statute, 18 U.S.C. § 371, rather than the regulation, as Mrs. Morgovsky contends it first should have done. In that scenario, she would have received the same 18-month sentence, so she can't show prejudice.

**IT IS SO ORDERED.**

Dated: January 17, 2019

VINCE CHHABRIA
United States District Judge

---

[1] Incidentally, another difference between *Class* and this case is that the defendant in *Class* raised his constitutional challenge in the district court. It's difficult to imagine that the Supreme Court would have granted certiorari had he not done so.